IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Philip Hatzitheodorou, | ) | CIVIL ACTION |
| | ) | |
| | ) | No. 24 _____ |
| | ) | Jury Trial Demanded |
| | ) | |
| Plaintiff, | ) | 28 U.S.C. §1331, |
| | ) | 28 U.S.C. §1332 and |
| | ) | pendent state claims |
| v. | ) | |
| | ) | |
| The University of Notre Dame Du Lac, | ) | |
| University of Notre Dame Security Police, | ) | |
| John Doe Security Company, Monterrey Security, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for personal injury and this action is further brought under 28 U.S.C. §1332 against the various Defendants for violation and also includes pendent state claims for Defendants' violations of Indiana laws.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1332 and pendent state claims. Venue is proper under 28 U.S.C. §1391. Plaintiff resides in this judicial district, and all acts and events giving rise to the claims asserted herein occurred in Indiana, the amount in controversy exceeds $75,000 and jurisdiction is proper in the Northern District of Illinois.

1

## PARTIES
### The Plaintiff

3. Plaintiff, Philip Hatzitheodorou, ("Philip") at all times relevant hereto was and remains a resident of the County of Cook and State of Illinois.

### The Defendants

4. Defendant, University of Notre Dame Du Lac ("ND") is a Domestic NonProfit organized under Indiana law with its principal place of business located in Notre Dame, Indiana.

5. Defendant, University of Notre Dame Police Department ("PD") has its principal place of business located in Notre Dame, Indiana and conducts business in Notre Dame, Indiana.

6. Defendant, John Doe Security Company, ("JDSC") is conducting business in Notre Dame, Indiana.

7. Defendant Monterrey Security Consultants, LLC is an Illinois corporation that conducts business in Notre Dame, Indiana.

### FACTS COMMON TO ALL COUNTS

8. On November 5, 2022 Plaintiff, Philip attended a football game on the Notre Dame campus at the Notre Dame Football Stadium. Philip was an invitee of ND. Philip was and is a season ticket holder and sat in his assigned seats, which were in Section 1. At the conclusion of the football game, while standing by the wall adjacent to the football field, Philip was lifted and pushed onto the football field as fans rushed the field presumably to celebrate victory. Several people from the crowd rushed the field and crashed violently into Philip. As a result of this stampede like scenario, Philip was lifted and pushed from behind, knocking him down onto the field, where he plummeted unobstructed over the wall and fell and resulting in

severe and permanent injuries, including but not limited to broken knees, requiring surgery on both knees and other injuries.

9. According to various news outlets, all Defendants were aware of fans rushing the Notre Dame football field prior to November 5, 2022. According to numerous news articles and reports, PD, JDSC and MS were providing instructions on rushing the field to certain fans and failed to advise, warm or protect Philip from foreseeable criminal acts of other invitees, from violence, injury, being pushed onto the field and injured.

10. At all times, Defendant ND owns, maintains, controls every aspect of the football field, including updates to the field, hiring security for football games, the policies and procedures for season ticket holders and football saturdays, as an institution and through their employees and agents, inclsuing but not limited to ND, PD, JDSC, and MS.

11. Defendants PD, JDSC and MS provide security at Notre Dame football games and specifically on November 5, 2022.

12. Defendants owed Plaintiff a duty as an invitee for a safe location and football game viewing.

13. Defendants had notice of foreseeable activity by other invitees that could and did harm Plaintiff. Defendants failed to provide proper security protocols, failed to supply enough security and failed to perform crowd control for foreseeable activities.

14. Plaintiff was injured as a result of Defendants breaches of duty owed to Plaintiff by Defendants.

15. As a direct and proximate result of Defendants actions and failures in their duties, and each of them, Plaintiff suffered substantial damages, including injury, substantial emotional distress and harm, and physical harms caused by injury and the emotional distress, including

difficulty standing, walking, and changed behavior in work practices, loss of income and loss of future earnings, and costs and expenses of bringing this action.

## CLAIMS
### Count I
### Premises Liability

16. Plaintiff incorporates by reference paragraphs 1 through 15 above as though fully set forth herein.

17. The actions or inactions of defendants violated each Plaintiff's clearly established right as an invitee to be free from criminal activity and injury.

### Count II
### Negligence

16. Plaintiff incorporates by reference paragraphs 1 through 15 of Count I as though fully set forth herein.

17. The actions and/or inactions of all Defendants' employees and agents acting as security on November 5, 2022 at the Notre Dame football field, violated duties owed to Plaintiff as an invitee.

18. Subsequent to Plaintiff being violently pushed over the wall and onto the football filed, security advised Plaintiff he had to get up off of the field, and Plaintiff was unable to stand up. Plaintiff was removed from the premises on a stretcher, then transported via ambulance and treated at a hospital for injuries he sustained.

### Count III
### Failing to Exercise Duty of Care

16. Plaintiff incorporates by reference paragraphs 1 through 15 of Count II as though fully set forth herein.

17. Defendants, and each of them, failed to exercise due care towards an invitee and protect Plaintiff from foreseeable activity which put plaintiff directly in harm's way.

18. Defendants' failure to exercise their duty of care caused injuries and damages to Plaintiff.

### Count IV
### Wilful and Wanton

16. Plaintiff incorporates by reference paragraphs 1 through 15 of Count III as though fully set forth herein.

17. Defendants knew that there was a likelihood that attendees would rush the field with a Notre Dame victory. Rather than prevent a stampede and protect invitees from injury, Defendants failed to take adequate protections to prevent this injury causing stampede and innocent attendees becoming victims of criminal activity.

18. Defendant had knowledge of likely postgame rush onto field from fans. Despite such knowledge, failed to take measures to prevent such rush. Despite such knowledge failed to adequate staff said game and failed to protect Plaintiff. As a direct and proximate result of sauch failure, plaintiff was injured.

19. As a proximate result of Defendants' wrongful acts, each Plaintiff suffered damages, including, but not limited to, severe emotional, psychological and physical, injury, trauma, distress, anguish and financial injuries as more fully alleged above.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

WHEREFORE, Plaintiff requests that this Honorable Court enter an order in his favor and against the Defendants and each of them awarding to Plaintiffs:

Compensatory damages as to and from all Defendants in an amount in excess of $1,000,000;

Reasonable attorney's fees and costs as to and from all Defendants; and

Such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Beau B. Brindley
_____
Beau B. Brindley, One of Plaintiff's Attorneys

Beau B. Brindley, Esq.
Law Offices of Beau B. Brindley
53 West Jackson Boulevard Suite 1410
Chicago, IL 60604
312-765-8878
bbbrindley@gmail.com