UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PHILIP HATZITHEODOROU,

    Plaintiff,

    v.

UNIVERSITY OF NOTRE DAME DU
LAC, et al.,

    Defendants.

Case No. 3:25-CV-268-CCB-SJF

## OPINION AND ORDER

Before the Court is Defendant University of Notre Dame du Lac's ("Notre Dame") motion to dismiss Plaintiff Philip Hatzitheodorou's complaint. (ECF 46). Plaintiff opposes this motion. (ECF 50). The Court grants Notre Dame's motion for the following reasons.

### I.    RELEVANT BACKGROUND

This is a premises liability case stemming from Plaintiff's attendance at a Notre Dame football game. On November 5, 2024, Plaintiff filed a personal injury complaint in the Northern District of Illinois ("NDIL") based on injuries he sustained at a Notre Dame football game on November 5, 2022. (ECF 1). In their joint initial status report, filed on March 20, 2025, the parties acknowledged a dispute over whether the NDIL could exercise personal jurisdiction over Notre Dame. (ECF 34). Notre Dame also noted that it intended to pursue a statute-of-limitations defense. (*Id.*) One day later, on March

21, 2025, the parties jointly moved to transfer the case to the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a). (ECF 35). The District Court for the Northern District of Illinois granted the motion, and the case was transferred to this Court on March 27, 2025. (ECF 38).

## II.    ANALYSIS

Notre Dame moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because this case is time-barred. In support, they argue that Indiana law applies to this case, and Plaintiff failed to properly commence this lawsuit within Indiana's statute of limitations. Plaintiff responds that Illinois law applies to this case, and Plaintiff properly commenced the lawsuit within the statute of limitations under Illinois law and served Notre Dame within the time allotted by the Court.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint therefore fails to state a claim if it does not "describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests [or] plausibly suggest that the plaintiff has a right to relief,

raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations omitted).

### a. Personal Jurisdiction

Notre Dame first argues that the NDIL lacked personal jurisdiction over Notre Dame, and therefore Indiana substantive law governs this case. Plaintiff responds that Notre Dame waived its jurisdictional argument by "seeking various extensions, having binding orders entered by the court, filing a joint status report, and participating in the Joint Motion to Transfer Venue." (ECF 50 at 7).

A plaintiff may invoke personal jurisdiction by showing specific jurisdiction or general jurisdiction over a defendant. *Bristol-Myers Squibb Co. v. Superior Ct. of Calif., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). Establishing general jurisdiction is a "high bar" requiring that a defendant's affiliation with a forum be so constant and pervasive that the defendant is considered "at home" in that forum. *Daimler AG v. Bauman,* 571 U.S. 117, 136 (2014); *Beehler v. Am. Honda Motor Co.*, No. 16 C 8525, 2017 WL 11884056, at *2 (N.D. Ill. Jan. 13, 2017). Specific jurisdiction requires that the suit arises from defendant's contacts with the forum. *Bristol-Myers Squibb Co.*, 582 U.S. at 262. Federal courts have personal jurisdiction if a court in their forum state would have personal jurisdiction. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014).

Unlike subject matter jurisdiction, personal jurisdiction may be waived. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985). A defendant's "express or

implied consent to the jurisdiction of the court" is enough to foreclose any future challenges to personal jurisdiction. *Id.* Implied consent may be found when a defendant gives "the plaintiff a reasonable expectation that [it] will defend the suit on the merits." *German Am. Financial Advisors and Tr. Co. v. Rigsby*, 623 F. App'x 806, 808 (7th Cir. 2015) (citing *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. Of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)) (internal quotation marks omitted).

Here, Plaintiff responds to Notre Dame's assertion that the NDIL lacked personal jurisdiction over the case by arguing that Notre Dame consented to the NDIL's personal jurisdiction. In support, he points primarily to the parties' joint motion for transfer pursuant to 28 U.S.C. § 1404(a). Notre Dame initially sought transfer of the case under 28 U.S.C. § 1406(a), which provides for transfer of cases "laying venue in the wrong division or district." (ECF 50-3). Plaintiff objected to this, proposing instead a joint motion to transfer under § 1404(a) "for the convenience of the parties and witnesses, [and] in the interest of justice." (ECF 50-4; ECF 50-5). It was this § 1404(a) motion that was ultimately filed and granted by the NDIL. (ECF 35; ECF 36). The motion contained the provision that "[a]lthough this Motion is filed jointly, Notre Dame and the NDPD do not waive any defense that this Court does not have personal jurisdiction over them and that venue of this lawsuit is not proper in the Northern District of Illinois." (ECF 35 § 7).

Notre Dame's joinder in the § 1404(a) motion cannot have given Plaintiff the "reasonable expectation" that it would not challenge personal jurisdiction when it

4

explicitly reserved the right to challenge personal jurisdiction. And there is nothing else in the record to support such an expectation. Plaintiff gestures toward "various extensions" sought by Notre Dame, Notre Dame "having binding orders entered by the court," and Notre Dame's participation in "filing a joint status report" as evidence that Notre Dame did not intend to challenge personal jurisdiction. None of these examples are persuasive. The extensions sought by Notre Dame and the fact that the NDIL entered binding orders do not remotely bear on Plaintiff's expectations, reasonable or otherwise, that Notre Dame would not challenge personal jurisdiction. Nor does Notre Dame's participation in filing the joint status report. In fact, Notre Dame specifically states in that report that it intends to seek dismissal on personal jurisdiction grounds. (ECF 34 at 3). Plaintiff cannot possibly have held the reasonable expectation that Notre Dame would not raise a personal jurisdiction challenge when Notre Dame telegraphed its intention to do so at every turn.

The Court now turns to the merits of Notre Dame's personal jurisdiction challenge, to which Plaintiff does not respond. First Notre Dame argues that the NDIL lacked specific personal jurisdiction over Notre Dame because Plaintiff alleges no contacts by Notre Dame in Illinois. In his complaint, Plaintiff states that "all acts and events giving rise to the claims asserted herein occurred in Indiana." (ECF 1 ¶ 2). And there are no allegations in the complaint that implicate any contacts by Notre Dame with Illinois. Specific jurisdiction over a defendant requires that the suit arise from the defendant's contacts with the forum. *Bristol-Myers Squibb Co.*, 582 U.S. at 262. Here,

there are no allegations to support the conclusion that this case arose from Notre Dame's contacts with Illinois. Thus, there is no specific jurisdiction.

Notre Dame next argues that the NDIL lacked general jurisdiction. To be subject to general jurisdiction in a forum, the defendant must be "essentially at home" there. *Daimler*, 571 U.S. at 122. The Supreme Court has only identified two places where parties are "essentially at home": the state of the corporation's principal place of business and the state of its incorporation. *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 698 (7th Cir. 2015). Notre Dame is an Indiana non-profit corporation with its principal place of business in Notre Dame, Indiana. (ECF 34 at 4). Thus, Notre Dame is not subject to general jurisdiction in Illinois.

Because Illinois courts could not exercise specific or general personal jurisdiction over Notre Dame, the NDIL lacked personal jurisdiction over Notre Dame.

### b. Choice of Law

A federal court sitting in diversity generally employs the choice-of-law engine of its forum state to settle disputes over which state's substantive law applies. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *see also* *Storie v. Randy's Auto Sales, LLC*, 589 F.3d 873, 879 (7th Cir. 2009). But there is one potentially relevant exception to this general rule. When a case is transferred under § 1404(a), the choice-of-law principles of the original forum are applied by the transferee court unless the transferor court could not properly exercise jurisdiction over the defendant. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

6

Here, the case was transferred under § 1404(a). But the transferor court, the NDIL, could not exercise personal jurisdiction over Notre Dame. Thus, the *Van Dusen* exception does not apply, and the Court will apply the choice-of-law principles of its forum state. *See Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2005). Indiana choice of law requires the Court to begin by determining whether the differences between the laws of the states are "important enough to affect the outcome of the litigation." *Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987). Assuming a significant difference between the laws of two states, Indiana law defaults to applying the substantive law of the "state where the last event necessary to make an actor liable for the alleged wrong [took] place" unless the location of the event "bears little connection" to the action. *Simon v. United States*, 805 N.E.2d 798, 804-05 (Ind. 2004).

The complaint makes clear that the alleged tortious conduct took place in Notre Dame, Indiana. (ECF 1 ¶¶ 8-15). Nor does Plaintiff allege any events that occurred anywhere besides Notre Dame, Indiana. It is only in "rare cases" that the location of the event "bears little connection" to the action, and this is not one of them. *Id.* Thus, Indiana choice-of-law principles lead to the conclusion that the substantive law of Indiana should be applied here.

### c. Indiana Law

Notre Dame argues that Plaintiff failed to commence this action within Indiana's statute of limitations, and thus the complaint should be dismissed. Plaintiff responds that he complied with the requirements to commence a case in the NDIL, the forum

7

where the case was filed, and therefore this case should be permitted to continue on the merits.

Statutes of limitation are generally considered substantive law, not matters of procedure. *See Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945) (finding that a statutory limitation "that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly"). Thus, this Court will apply Indiana law to the statute-of-limitations issue. Indiana law required Plaintiff to initiate this case within two years of the date of his injury on November 5, 2022. Ind. Code § 34-11-2-4(a)(1). To commence an action in Indiana, a party must do three things: (1) file a complaint, (2), pay the filing fee, and (3), where service of process is required, tender a summons to the clerk. Ind. Trial R. 3. Cases applying Indiana law make clear that tendering a summons is just as necessary to commence an action as filing a complaint and paying the filing fee. *See Jones v. Ramos*, 335 F.R.D. 208, 213 (N.D. Ind. 2020); *Ft. Wayne Int'l Airport v. Willburn*, 723 N.E.2d 967, 968–69 (Ind. Ct. App. 2000) (finding that failure to tender summons prevented commencement of civil action within statute of limitations); *Boostrom v. Bach*, 622 N.E.2d 175, 177 (Ind. 1993) ("[T]he commencement of an action occurs when the plaintiff presents the clerk with the documents necessary for commencement of suit."); *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 174 (Ind. 2002), *reversed on other grounds*, 768 N.E. 2d 899 ("Requiring that the summons be tendered within the statute of limitations is also good policy because it promotes prompt, formal notice to defendants that a lawsuit

8

has been filed."). This Court has recognized in another case that "the requirement of tendering the summons to commence an action is an integral part of the policies served by the statute of limitations in Indiana." *Jones*, 335 F.R.D. at 214. If a summons is not tendered to the clerk within the statute of limitations, the action is time-barred. *See Ray-Hayes*, 760 N.E.2d at 174.

Plaintiffs' alleged injuries occurred on November 5, 2022. This means that he had until November 5, 2024, to commence his case. So when he filed his complaint on November 5, 2024, he was already at the utmost limit of the statute of limitations, leaving no room for error. Plaintiff contends that he successfully commenced his case on November 5, 2024, because he did everything required to begin a case in the NDIL. But he did not file summonses until February 14, 2025. (ECF 10; ECF 11; ECF 12; ECF 13). In explanation, Plaintiff notes that the NDIL instructs plaintiffs not to file summonses alongside the complaint but instead wait until a judge is assigned to the case. It would be absurd, Plaintiff argues, for this Court to find that he needed to violate the local rules of the NDIL to avoid dismissal when his case reached this Court.

The key problem with this argument is that this case had no business being filed in the NDIL. When Plaintiff filed his complaint, the NDIL lacked subject matter jurisdiction due to a non-diverse defendant. (*See* ECF 1 (naming Plaintiff and Monterrey Security Consultants, LLC as citizens of Illinois)). Though Plaintiff cured this defect by voluntary dismissal, (*see* ECF 33), he makes no argument that the NDIL was ever able to exercise personal jurisdiction over Notre Dame. Instead, he argues waiver. As discussed

above, this does not avail him. So his arguments that he complied with the rules of the NDIL ring hollow as the NDIL was never able to exercise jurisdiction over Notre Dame. Plaintiff may not "capture [the] favorable law" of Illinois, a forum "which lack[ed] personal jurisdiction over the defendant[,] by filing suit there and then transferring the action to a state that is able to exercise personal jurisdiction." *Gonzalez v. Volvo of Am. Corp.*, 734 F.2d 1221, 1224 (7th Cir. 1984), *superseded on other grounds*, 752 F.2d. 295 (7th Cir. 1985). Instead, he is subject to the law of Indiana, which requires summonses to be filed within the two-year statute of limitations. Plaintiff did not file summonses until February 14, 2025, well beyond that period.

Finally, Plaintiff argues that this case should be decided on its merits, not on a procedural technicality. He accuses Notre Dame of "procedural gamesmanship," (ECF 50 at 10), and urges the Court to apply Illinois law, choice-of-law principles notwithstanding, because Indiana law prefers that matters "be disposed of on the merits whenever possible." *Boostrom v. Bach*, 622 N.E.2d 175, 176 (Ind. 1993). Disposition on the merits is not possible here. Plaintiff filed this case at the last minute in a court that lacked subject matter jurisdiction and personal jurisdiction over Notre Dame. It is not Notre Dame's "procedural gamesmanship" that led to this dismissal, but Plaintiff's litigation strategy. *See Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) ("We . . . remind plaintiffs and their counsel that they must determine where the plaintiff can get personal jurisdiction over the defendants before, not after, the statute of limitations runs; otherwise they court disaster.").

**III.    CONCLUSION**

For these reasons, Notre Dame's motion to dismiss, (ECF 46), is **GRANTED.**

Plaintiff's complaint is **DISMISSED WITH PREJUDICE.** The Clerk is **DIRECTED** to

close this case.


SO ORDERED on March 30, 2026.


                             /s/*Cristal C. Brisco*

                             CRISTAL C. BRISCO, JUDGE

                             UNITED STATES DISTRICT COURT